UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDRE L. WILLIAMS,           )<br>                    Petitioner,     )<br>                                          )<br>    vs.                                    )  Case No. 1:14-cv-464-WTL-MJD<br>                                          )<br>UNITED STATES OF AMERICA.   ) | |

**Entry Dismissing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

Because it is barred by the applicable statute of limitations, the motion of Andre L. Williams for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). Here, the petitioner's judgment of conviction was entered on the clerk's docket on September 12, 2012. Because he did not file an appeal, his conviction became final on the last day in which he had to appeal, September 26, 2012. He therefore had through September 26, 2013, in which to file his § 2255 motion. Because he filed the present § 2255 motion on March 24, 2014, he filed it nearly five months too late.

Mr. Williams does not dispute that his § 2255 motion is untimely, but argues that the statute of limitations should be equitably tolled because he was not adequately informed of his appeal rights by his counsel. "Equitable tolling is granted sparingly. Extraordinary circumstances far

beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citations omitted); *see also Nolan v. United States*, 358 U.S. 480 (7th Cir. 2004). Under the doctrine of equitable tolling, this Court may excuse the petitioner's failure to file his § 2255 motion within the limitation period only if he shows that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani v. Chrans*, 189 F.3d 597, 597 (7th Cir. 1999). The petitioner's claim that he was improperly advised does not demonstrate such extraordinary circumstances. *See Taylor v. Michael,* 724 F.3d 806, 810, 811-12 (7th Cir. 2013)("When an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a habeas petition in a timely manner, the circumstances cannot, as a definitional matter, be said to have prevented timely filing."); *Lloyd v. Vannatta*, 296 F.3d 630, 633 (7th Cir. 2002)(although the Seventh Circuit has not defined what constitutes an "impediment," it is clear that whatever constitutes an impediment must prevent a prisoner from filing his petition); *Modrowski v. Mote,* 322 F.3d 965, 967-68 (7th Cir. 2003) (attorney incapacity in the form of personal and psychological difficulties would not be an appropriate ground for equitable tolling); *United States v. Marquez*, 2006 WL 995152, at *1 (E.D. Wis. Apr. 13, 2006) (mistaken assumption that the defendant had an appeal pending for two years after his conviction and sentence was not a result of an extraordinary circumstance beyond his control).

Mr. Williams' argument that he was improperly advised by his attorney is insufficient to show extraordinary circumstances warranting equitably tolling the statute of limitations. His § 2255 motion is therefore untimely. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now

issue. **A copy of this Entry shall be entered in the underlying criminal action, Case No. 1:12-cr-37-WTL-DKL-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 4842 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 9/4/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Andre L. Williams
10509-028
Terre Haute Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

All electronically registered counsel

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**